Filed 6/18/26  P. v. Huerta CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VICENTE HUERTA,<br><br>    Defendant and Appellant. | D085301<br><br><br>(Super. Ct. No. SCN434544) |

APPEAL from a judgment of the Superior Court of San Diego County, Daniel F. Link, Judge.  Affirmed.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Vincent P. LaPietra and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Vicente Huerta of second degree murder of Chelsea Pacheco (Pen. Code, § 187, subd. (a); count 1) and found true that he personally discharged a firearm in the commission of the offense (§ 12022.53(d)).  After the jury reached its verdict, Huerta admitted to a

strike prior and a serious felony prior. The trial court sentenced Huerta to a prison term of 55 years to life plus five years determinate, to run concurrent to the sentence previously imposed on other counts that were adjudicated earlier. (See *People v. Huerta* (Feb. 28, 2025, D083628) [nonpub. opn. affirming 74 years to life in prison sentence imposed on count 2].)

On appeal, Huerta contends the trial court erred in declining to strike the section 12022.53(d) firearm enhancement, which accounted for 25 years to life of his count 1 sentence. Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we affirm.

I.

A.

The People argue Huerta, by failing to object, forfeited his claim of sentencing error based on the court declining to strike the firearm enhancement. Huerta disputes forfeiture applies because he claims defense counsel "was not provided with a meaningful opportunity to address the court's *reasons* for declining to strike the enhancement." We conclude defense counsel had a meaningful opportunity to object, and thus the claim is forfeited.

"[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356.) This forfeiture rule encourages the prompt detection and correction of error, reduces the number of unnecessary appellate claims, and ensures the fair and orderly administration of justice. (*Id.* at p. 351.) But "there must be a meaningful opportunity to object" for forfeiture to apply. (*Id.* at p. 356.)

At sentencing here, the trial court expressed it was "open to hearing any comments from defense or prosecution." The court gave its tentative

2

ruling and then explained it would, "obviously, give detailed rulings. I never give a final ruling until I hear fully from defense and prosecution." After announcing the sentence, including the reasons why it would not strike the firearm enhancement, the court asked defense counsel if there was "anything else?" Defense counsel responded, "No."

Huerta's attempt to avoid forfeiture is unavailing. He emphasizes Supreme Court language about parties having an adequate opportunity to object if, after "describ[ing] the sentence it intends to impose and the reasons for the sentence," the trial court then "considers the objections of the parties *before the actual sentencing*." (*People v. Gonzalez* (2003) 31 Cal.4th 745, 752, italics added.) Huerta asserts the court here "conducted the sentencing hearing without letting counsel interrupt while judgment was pronounced." He provides no record support for this claim, and we find none in our own review of the sentencing hearing. In reply, Huerta claims the court "made clear" that "after hearing from counsel, the court would 'give a final ruling.'" To the extent he is implying the court prohibited further input from counsel, the record indicates otherwise. At the outset of sentencing, the court shared it was "open to hearing any comments" from counsel. Critically, after giving its reasons for declining to strike the firearm enhancement and the planned sentence for count 1, the court expressly invited any further comments or objections from defense counsel by asking, "Anything else?" In similar circumstances, the Supreme Court concluded that "under the settled precedent in *Scott*, the claim is forfeited on appeal." (*People v. Boyce* (2014) 59 Cal.4th 672, 731.) So too here.

B.

Even if the claim were not forfeited, Huerta has not persuaded us the trial court abused its discretion.

3

Under section 1385(c), the court "shall dismiss an enhancement if it is in the furtherance of justice to do so." Evidence of certain mitigating circumstances weighs greatly in favor of dismissing the enhancement unless the court finds dismissal "would endanger public safety." (§ 1385(c)(2).) "Endanger public safety" means there is a likelihood dismissal "would result in physical injury or other serious danger to others." (*Ibid.*)

"Although the current dangerousness of the defendant is an appropriate factor to consider, as it will have some bearing on whether dismissing the enhancement would endanger the public, a crucial part of the inquiry is how the dismissal of the enhancement will impact the length of the defendant's sentence." (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 228.) As a result, this public-safety inquiry "should also take into account that the defendant's release from prison is contingent on review by the Board of Parole Hearings (and for murder convictions, by the Governor), who will have the opportunity to assess the defendant's dangerousness at that time." (*Ibid.*)

We review for abuse of discretion the court's determination that dismissing Huerta's firearm enhancement would endanger public safety. (*Gonzalez*, 103 Cal.App.5th at p. 225.)

Huerta contends the trial court abused its discretion in declining to strike the firearm enhancement because it "focused entirely on historical events" rather than conducting the required forward-looking inquiry. In support, he points to the court's statement that it had to find that Huerta "*is still* a danger to society." (Italics added.) Although the court first used the present tense, it immediately clarified the proper standard by saying, "Specifically, that if I dismissed the [section 12022].53(d), that public safety would be in danger. If I dismiss the [firearm enhancement], which would shave off 25 years to life giving him the possibility of being paroled earlier, I

4

do very strongly feel that Mr. Huerta would be a danger to society." The court thus applied the proper forward-looking assessment of danger to society and appropriately considered current dangerousness as a factor in that assessment. Accordingly, the circumstances here differ from those in *Gonzalez*, where the court imposed the firearm enhancement after concluding the defendant "'presently . . . does represent a danger to society.'" (*Gonzalez*, 103 Cal.App.5th at p. 227.) As a result, we discern no abuse of discretion on this basis.

II.

We affirm.

CASTILLO, J.

WE CONCUR:

McCONNELL, P. J.

KELETY, J.